IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE NATIONAL ASSOCIATION<br>FOR THE ADVANCEMENT OF<br>COLORED PEOPLE, NATIONAL<br>OFFICE<br>4805 Mount Hope Drive<br>Baltimore, Maryland 21215 | )<br>)<br>)<br>)<br>)<br>) | Case Number: 1:15-cv-433 |
| | ) | |
| Plaintiff, | )<br>) | Judge: |
| | ) | Magistrate Judge: |
| v. | )<br>) | |
| | ) | **VERIFIED COMPLAINT FOR** |
| The entity referring to itself as | ) | **TEMPORARY RESTRAINING** |
| NAACP, CINCINNATI BRANCH | ) | **ORDER AND DECLARATORY** |
| 4439 Reading Road, Suite 202 | ) | **AND INJUNCTIVE RELIEF** |
| Cincinnati, Ohio 45229 | ) | **AND DAMAGES** |
| | ) | |
| and | ) | |
| | ) | |
| Beverly J. Morton | ) | |
| 12199 Brisben Place | ) | |
| Cincinnati, Ohio 45249 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Ishton W. Morton | ) | |
| 12199 Brisben Place | ) | |
| Cincinnati, Ohio 45249 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Lettie P. Reid | ) | |
| 1728 Carrahen Ave., 2nd Floor | ) | |
| Cincinnati, Ohio 45237 | ) | |

Plaintiff, the National Association for the Advancement of Colored People, National

Office ("NAACP" or "Plaintiff"), by and through its undersigned attorney, upon personal

knowledge as to itself, its own acts and its allegations as to the contents of documents referred to

herein, and upon information and belief as to all other matters, for its Complaint herein alleges as follows:

## I.    PRELIMINARY STATEMENT

1.    Defendants are engaged in a scheme to deceive the public by pretending to be acting as a unit of and on behalf of Plaintiff, one of the most well-known and highly-respected civil rights organizations in the United States.

2.    In 1915, Plaintiff authorized a unit in Cincinnati, Ohio that was permitted to utilize the name NAACP Cincinnati Branch ("NAACP Cincinnati Unincorporated") only as an unincorporated entity pursuant to the NAACP Constitution and Bylaws and under the authority of Plaintiff.

3.    Defendant, the entity referring to itself as "NAACP CINCINNATI BRANCH" (hereinafter "Cincinnati Incorporated"), is an entity incorporated in the State of Ohio on October 20, 2014. Cincinnati Incorporated is not an official or sanctioned branch, unit or affiliated entity of Plaintiff. Defendants are the incorporators of Cincinnati Incorporated and are involved in a scheme to deceive the public by fraudulently holding themselves out as members of the NAACP. Cincinnati Incorporated's Registered Agent is Ishton W. Morton.

4.    Defendants have falsely represented to the public that Cincinnati Incorporated is an officially sanctioned Branch of the NAACP. Further, they have held meetings in the name of the NAACP, which constitutes the false representation that Cincinnati Incorporated is an official NAACP Branch.

II.     **JURISDICTION AND VENUE**

5.      This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§1114 and 1125, *et seq.*; and for trademark infringement, and deceptive acts and practices under Ohio law.

6.      The Court has original jurisdiction over the claims arising under federal law pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1338(a) and 1338(b).

7.      The Court has supplemental jurisdiction over Plaintiff's state law claims arising under the statutory and common law of the state of Ohio pursuant to 28 U.S.C. §1338(b), because those claims are joined with substantial and related claims under federal law. The Court also has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §1367, because Plaintiff's state law claims are interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the adjudication of Plaintiff's state law claims with Plaintiff's federal claims furthers the interests of judicial economy.

8.      The Court has general and specific personal jurisdiction over Defendants because Defendants' unlawful acts and events occurred in this district.

9.      Venue is proper in this district under 28 U.S.C. §1391(b) because Defendants reside in this district, because Plaintiff's claims arise in this district, and because Defendants' participation in the unlawful acts and events occurred in this district, including the creation and distribution of the infringing materials referred to herein.

III.    **THE PARTIES**

10.     Plaintiff NAACP is a non-profit corporation incorporated under the laws of the State of New York with its headquarters in Baltimore, Maryland. The NAACP's local, unincorporated "Units" include State Conferences and Local Branches. In the state of Ohio,

the NAACP's Units include the Ohio State Conference and the authorized, unincorporated Cincinnati Branch of the NAACP.

11.      Defendant Cincinnati Incorporated is an Ohio Not For Profit Corporation that was incorporated on October 20, 2014 with its Registered Office located at 4439 Reading Road, Suite 202, Cincinnati, Ohio 45229. The individuals listed on the incorporation documentation for Cincinnati Incorporated include Ishton W. Morton, Beverly J. Morton, and Lettie P. Reid. Defendant Ishton W. Morton is Cincinnati Incorporated's Registered Agent. Cincinnati Incorporated is in no way affiliated with Plaintiff.

12.      Defendants Ishton W. Morton, Beverly J. Morton, and Lettie P. Reid are former members of the authorized, unincorporated Cincinnati Branch of the NAACP who served on its Executive Committee and purported to authorize the formation of Cincinnati Incorporated. Since the creation of Cincinnati Incorporated, Defendants have acted as members of the NAACP, have authorized the unsanctioned and deceitful activity of Cincinnati Incorporated, and have converted the property of the NAACP and the authorized, unincorporated Cincinnati Branch of the NAACP.

## IV.   **FACTUAL ALLEGATIONS**

### A.   **Plaintiff and Its Trademark**

13.      Plaintiff NAACP, formed in 1909, is the oldest, largest and one of the most famous and highly-respected civil rights organizations in the United States. Its mission is to ensure the political, educational, social, and economic equality of rights of all persons and to eliminate racial hatred and racial discrimination. Declaration of Revered Gill L. Ford, National Director of Unit Administration, NAACP ¶5 (Ford Declaration)(filed herewith as Attachment 1).

4

14.    Plaintiff owns a U.S. trademark registration for the Mark "NAACP" and formatives thereof:

- **NAACP,** U.S. Reg. No. 1188182 for:

  Association Services – Namely, Providing Legal Assistance, Technical Assistance and other Resources to Achieve Civil Rights Education, Voting, Housing, Employment and Economic Opportunity.

A true and accurate copy of said registration certificate is attached as Exhibit 1 to the Ford Declaration. NAACP's registration is valid and subsisting and, pursuant to 15 U.S.C. §1057(b), is "prima facie" evidence of the validity of the NAACP Mark. Ford Declaration ¶ 6.

15.    Plaintiff NAACP's Mark is famous and very strong and has been in use for many decades. Individuals associate this famous mark with the NAACP. Ford Declaration ¶8.

16.    Over the years, Plaintiff has invested substantial sums of money promoting its services under the Mark. Ford Declaration ¶9.

17.    Over the years, Plaintiff has achieved substantial, unsolicited media coverage in national and international publications, television coverage and Internet coverage. Ford Declaration ¶10.

18.    Plaintiff's employees and volunteers frequently appear on national television programs and in publications throughout the nation on issues concerning civil rights and social justice. Ford Declaration ¶11.

19.     Plaintiff's Mark is an asset of substantial value as a symbol of Plaintiff, its services to communities throughout the nation and its goodwill. Individuals recognize Plaintiff's Mark as identifying the services Plaintiff offers. Ford Declaration ¶12.

### B. Defendants' Misleading Communications and Actions

20.     NAACP'S Bylaws provide that each State Conference and local Branch is "subject to the general authority and jurisdiction of the [National] Board of Directors." (Bylaws, Article I, Section 2(a)). In addition, all NAACP Units located within the boundaries of a State Conference are "member[s] of the State/State-Area Conference and are subject to the State/State-Area's efforts to coordinate NAACP activities and policies within its jurisdiction." (Bylaws, Article I, Section 2(d)). Thus, the authorized, unincorporated Cincinnati Branch of the NAACP is subject to the authority of both the Ohio State Conference and the National Office of the NAACP. Ford Declaration ¶13.

21.     Unbeknownst to Plaintiff, on or about October 20, 2014, the Office of the Ohio Secretary of State issued Articles of Incorporation for the entity "NAACP Cincinnati Branch" ("Cincinnati Incorporated"). The incorporators of Cincinnati Incorporated are identified in the Articles as Ishton W. Morton, Beverly J. Morton, and Lettie P. Reid. Ishton W. Morton was identified in the Articles as Cincinnati Incorporated's Registered Agent. Ford Declaration ¶14.

22.     Plaintiff never approved the formation and incorporation of and/or authorized the use of its Mark by Cincinnati Incorporated. Ford Declaration ¶15.

23.     On December 11, 2014, Cincinnati Incorporated, illegally using the NAACP's trademark, filed a lawsuit against the NAACP's National Director of Unit Administration and select members of the NAACP Cincinnati Unincorporated Branch. On

January 12, 2015, Cincinnati Incorporated filed an Amended Complaint adding Plaintiff NAACP as a Defendant, still using the NAACP's trademark without authorization. . Ford Declaration ¶18.

24.     Plaintiff only learned of Cincinnati Incorporated's illegal behavior and actions at the time it filed its lawsuit claiming to be an Ohio Not For Profit Corporation. Ford Declaration ¶19.

25.     Plaintiff demanded in writing on January 27, 2015, that Cincinnati Incorporated dissolve the illegally formed not for profit organization. Cincinnati Incorporated has refused. Ford Declaration ¶20, 24.

26.     Ishton W. Morton, Beverly J. Morton, and Lettie P. Reid have had their memberships suspended from the NAACP, pursuant to the express authority of the NAACP Constitution and Bylaws.  As such, they are not currently members of the NAACP. Ford Declaration ¶¶21-23.

27.     On December 19, 2014, Marshall W. Taylor, Esq., then Interim General Counsel for the NAACP, issued a letter to the Executive Committee of the authorized, unincorporated Cincinnati Branch of the NAACP directing the Executive Committee that as the NAACP Cincinnati had no President, Vice President, or Treasurer as required by the Bylaws, the remaining Executive Committee members lacked the authority to conduct any further business on behalf of the NAACP and/or the NAACP Cincinnati Unincorporated Branch. Ford Declaration ¶26.

28.     In this same letter of December 19, 2014, Counsel Taylor, demanded that all keys, NAACP documents, membership records, financial records, bank records, and all property and other items belonging to the NAACP and/or its Cincinnati Branch be returned

7

to the NAACP's authorized, unincorporated Branch. Counsel further instructed that arrangements were to be made to transfer the property once returned to the Branch office to the NAACP National Office. Ford Declaration ¶27.

29.     In this same letter of December 19, 2014, Counsel Taylor advised the Executive Committee of the Branch that "absolutely no funds belong to the branch may be spent and no commitments to spend any funds belonging to the branch may be made without the express written approval of Rev. Gill Ford." Ford Declaration ¶28.

30.     Lettie P. Reid, a non-member of the NAACP, continues to conduct business illegally under the trademark name of the NAACP. Ford Declaration ¶33.

31.     Ishton W. Morton, a non-member of the NAACP, continues to conduct business illegally under the trademark name of the NAACP. Ford Declaration ¶34.

32.     Beverly J. Morton, a non-member of the NAACP, has refused to turn over the financial records, bank records, and bank account documents (checks, etc.) in her possession belonging to the NAACP and its authorized, unincorporated Cincinnati Branch. Beverly J. Morton still remains as a signor on NAACP Cincinnati Unincorporated Branch bank accounts. Ford Declaration ¶¶29.

33.     Ishton Morton, although not a member of the NAACP, illegally added his name to at least four of the bank accounts of the authorized, unincorporated Cincinnati Branch of the NAACP. Ford Declaration ¶30.

34.     Lettie Reid, although not a member of the NAACP, illegally added her name to at least four of the bank accounts of the authorized, unincorporated Cincinnati Branch of the NAACP. Ford Declaration ¶31.

35.     Since their respective suspensions, Defendants Lettie Reid, Ishton Morton, and Beverly Morton have spent over $30,000 in assets belonging to the authorized, unincorporated Cincinnati Branch of the NAACP. Ford Declaration ¶32.

36.     Defendants continue to conduct meetings, authorize and utilize funds of the NAACP for impermissible and illegal purposes, operate as if they are a sanctioned branch of the NAACP, and illegally execute contracts in the name of the NAACP. Ford Declaration ¶¶33,34,35.

37.     Plaintiff NAACP Board of Directors never approved the formation of and/or incorporation of Cincinnati Incorporated. Ford Declaration ¶15.

38.     Plaintiff's Bylaws, Article II, Section 2(b) specifically state that "No Unit of the Association shall have the authority to initiate, endorse, or participate in legal action...on behalf of or in the name of the Association, or any Unit of the Association without the express written authorization of the President and CEO and General Counsel." Ford Declaration ¶16.

39.     Defendants never sought authorization and did not receive authorization from the President and CEO and General Counsel of the NAACP at any time prior to or contemporaneously with initiating litigation in the name of the Association or any Unit of the Association. Ford Declaration ¶17

40.     Defendants' scheme is based on engendering the false belief among the public that Defendants' communications and actions are those of Plaintiff, a well-known, highly reputable civil rights organization, when in fact Plaintiff has no affiliation whatsoever with any of the Defendants.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. §1114(1)(a))

41.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

42.     Plaintiff owns the federally registered NAACP Mark for association services.

43.     Defendants are using in commerce a name that is identical to Plaintiff's federally registered NAACP Mark to offer association services.

44.     Defendants' use of Plaintiff's NAACP Mark for Defendants' products and services is likely to cause confusion, mistake or deception as to source, origin, affiliation, connection or association, in violation of 15 U.S.C. §1114.

45.     Defendants had constructive knowledge of Plaintiff's ownership and decades long use of Plaintiff's federally registered NAACP Mark prior to Defendants' appropriation and use of that Mark.

46.     Defendants' acts constitute knowing, deliberate and willful infringement of Plaintiff's federally registered NAACP Mark and render this an "exceptional case" under 15 U.S.C. §1117(a).

47.     Defendants' acts have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's NAACP Mark.

48.     Defendants' acts irreparably injure Plaintiff's business, reputation and goodwill. Unless Defendants are enjoined from their wrongful conduct, Plaintiff and the public will continue to suffer irreparable injury and harm, for which they have no adequate remedy at law.  Plaintiff's injury and harm are compounded by the fact that the NAACP is

scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

## SECOND CLAIM FOR RELIEF

### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. 1125(C)

49.      Plaintiff realleges and incorporated each and every allegation contained in the paragraphs above as though fully set forth herein.

50.      Plaintiff's NAACP Mark is famous and distinctive.

51.      Defendants commenced use of Plaintiff's Mark in commerce after the Mark had become famous and distinctive.

52.      By using Plaintiff's NAACP Mark in connection with schemes to mislead the public, Defendants have injured Plaintiff's business reputation, blurred and tarnished the distinctive quality of Plaintiff's Mark, and lessened the capacity of Plaintiff's famous NAACP Mark to identify and distinguish Plaintiff's services in violation of 15 U.S.C. §1125(c).

53.      Defendants' acts have caused Plaintiff to lose control over the reputation and goodwill associated with the NAACP Mark.

54.      Defendants' acts irreparably injure Plaintiff's business, reputation and goodwill. Unless Defendants are enjoined from their wrongful conduct, Plaintiff and the public will continue to suffer irreparable injury and harm, for which they have no adequate remedy at law. Plaintiff's injury and harm are compounded by the fact that the NAACP is scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

## THIRD CLAIM FOR RELIEF

### FALSE ADVERTISING
### 15 U.S.C. 1125(a)

55.      Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

56.      Defendants are making false and misleading statements that Defendants and their services are affiliated with, sponsored by, or endorsed by Plaintiff, and those statements concern a critical attribute of those services.

57.      Defendants' knowing and intentional express and/or implied falsehoods that their services are sponsored, endorsed, or otherwise connected with Plaintiff's services constitute false descriptions or representations of fact, in violation of 15 U.S.C. §1125(a).

58.      Defendants' acts have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's NAACP Mark.

59.      Defendants' acts irreparably injure Plaintiff's business, reputation and goodwill. Unless Defendants are enjoined from their wrongful conduct, Plaintiff and the public will continue to suffer irreparable harm, for which they have no adequate remedy at law.  Plaintiff's injury and harm are compounded by the fact that the NAACP is scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

### FOURTH CLAIM FOR RELIEF

### OHIO TRADEMARK INFRINGEMENT

60.      Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

61.     Plaintiff used its NAACP Mark long before Defendants' unauthorized use of Defendants' deceptively similar and counterfeit mark.

62.     Defendants are using in commerce a mark identical and confusingly similar to Plaintiff's NAACP Mark in connection with the offering of association services.

63.     Defendants have willfully traded on Plaintiff's goodwill in Plaintiff's NAACP Mark and the reputation Plaintiff has established in connection with its services, as well as confused consumers and the public as to the origin of Defendants' services and passed off their services as those of Plaintiff's.

64.     Defendants' infringement is likely to cause confusion, mistake, or deception as to source, origin, affiliation, connection, or association of Defendants' goods and services, constituting trademark infringement under the laws of Ohio.

65.     Defendants' acts irreparably injure Plaintiff's business, reputation and goodwill. Unless Defendants are enjoined from their wrongful conduct, Plaintiff and the public will continue to suffer irreparable injury and harm, for which they have no adequate remedy at law.  Plaintiff's injury and harm are compounded by the fact that the NAACP is scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

## FIFTH CLAIM FOR RELIEF

### FRAUD

66.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

67.     Defendants made false representations and material misrepresentations to consumers and the public with the intent of deceiving and defrauding consumers and the

public and to induce consumers and the public to join Cincinnati Incorporated; and, as a result of membership in Cincinnati Incorporated, to transfer monies to Cincinnati Incorporated in the form of membership dues and other payments under the false pretense that Defendants were Plaintiff or connected with Plaintiff.

68.     Defendants knew of the falsity of their misrepresentations when made, and at the time Defendants made the misrepresentations, Defendants made them with the intent of defrauding consumers and the public and with the intent of inducing consumers and the public to transfer monies to Defendants.

69.     Defendants knew that their falsehoods were material and would be reasonably relied upon by consumers and the public.

70.     On information and belief, consumers and the public believed Defendants' falsehoods were true and reasonably relied upon them.

71.     Defendants' acts have caused Plaintiff to lose control over its reputation and goodwill.

72.     Plaintiff has suffered damages and Defendants have obtained profits and/or unjust enrichment as a result of Defendant's fraud. Plaintiff's injury and harm are compounded by the fact that the NAACP is scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

## SIXTH CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH PROSPECTIVE
### ECONOMIC ADVANTAGE

73.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

74.     Defendants made false representations and material representations to consumers and the public with the intent of deceiving and defrauding consumers and the public to induce consumers and the public to join Cincinnati Incorporated and, as a result of membership in Cincinnati Incorporated, to transfer monies to Cincinnati Incorporated in the form of membership dues and other payments under the false pretense that Defendants were the NAACP or connected with the NAACP.

75.     Defendants knew of the falsity of their misrepresentations when made, and at the time Defendants made the misrepresentations, Defendants made them with the intent of defrauding consumers and the public and with the intent of inducing consumers and the public to transfer monies to Defendants.

76.     Defendants knew that their falsehoods were material and would be reasonably relied upon by consumers and the public.

77.     On information and belief, consumers and the public believed Defendants' falsehoods were true and reasonably relied upon them.

78.     Defendants' intentional and unjustified interference have caused Plaintiff to lose control over their reputation and goodwill with consumers and the public.

79.     Plaintiff has suffered damages and Defendants have obtained profits and/or unjust enrichment as a result of Defendants' tortious interference. Plaintiff's injury and harm are compounded by the fact that the NAACP is scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

## SEVENTH CLAIM FOR RELIEF

### CIVIL CONSPIRACY

80.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

81.     Defendants acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish the unlawful purposes of: (a) appropriating and unlawfully using Plaintiff's Mark; (b) making false representations and material misrepresentations to consumers and the public with the intent of deceiving and defrauding consumers and the public; and (c) inducing consumers and the public to join Cincinnati Incorporated and, as a result of membership in Cincinnati Incorporated, to transfer monies to Cincinnati Incorporated in the form of membership dues and other payments under the false pretense that Defendants were Plaintiff or connected with Plaintiff.

82.     In furtherance of their conspiracy, Defendants committed numerous overt acts including: (a) organizing and conducting meetings in Plaintiff's name; (b) organizing and entering into commitments related to a Freedom Fund Dinner; and (c) use of the United States' wires to achieve their unlawful purpose.

83.     Defendants' misconduct was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

84.     Plaintiff has suffered damages and Defendants have obtained profits and/or unjust enrichment as a result of Defendants' conspiracy. Plaintiff's injury and harm are compounded by the fact that the NAACP is scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

## EIGHTH CLAIM FOR RELIEF

### CONVERSION

85.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

86.     Plaintiff owns the NAACP Mark.

87.     Defendants had constructive and actual knowledge that Defendants' use of the NAACP Mark was illegal as the NAACP Bylaws provide that "Personal use of the NAACP Trademark is prohibited…" Cincinnati Incorporated forming an incorporated entity using the NAACP Mark constitutes personal use of the NAACP Mark.

88.     Plaintiff has maintained the right to solely and exclusively own the right to its Mark.

89.     Plaintiff has the right to demand that all property belonging to the authorized, unincorporated, Cincinnati Branch of the NAACP be returned to the Branch and held by the NAACP National Office in the absence of Branch leadership.

90.     Defendants' have refused to return the property of the NAACP and its authorized, unincorporated Cincinnati Branch after demand was made; and have exhausted over $30,000 in assets belonging to the NAACP and its authorized, unincorporated Cincinnati Branch.

91.     Defendants' have illegally used and continue to use for Defendants' own benefit the property of the NAACP and its authorized, unincorporated Cincinnati Branch.

92.     As a result of Defendants' conversion of Plaintiff's assets for their own use, Plaintiff has suffered damages.

93.     Defendants' acts irreparably injure Plaintiff's business, reputation and goodwill. Unless Defendants are enjoined from their wrongful conduct, Plaintiff and the public will continue to suffer irreparable injury and harm, for which they have no adequate remedy at law.  Plaintiff's injury and harm are compounded by the fact that the NAACP is scheduled to hold its annual, National Convention in Cincinnati in 2016 and is working to obtain sponsors for that convention.

## PRAYER FOR RELIEF

Wherefore, Plaintiff National Association for the Advancement of Colored People prays for judgment against Defendants as follows:

A.      That the Court enter judgment against Defendants, jointly and severally, and against each Defendant on all claims for relief alleged herein, and declare that:

1.      Defendants have willfully infringed upon Plaintiff's right in its federally registered NAACP Mark in violation of 15 U.S.C. §1114;

2.      Defendants have diluted Plaintiff's famous NAACP Mark in violation of 15 U.S.C. §1125(c);

3.      Defendants have willfully engaged in false advertising in violation of 15 U.S.C. §1125(a);

4.      Defendants have willfully infringed Plaintiff's NAACP Mark in violation of the law of the state of Ohio;

5.      Defendants have willfully and illegally converted for Defendants personal use Plaintiff's property.

6.      Defendant Cincinnati Incorporated is null and void.

B.      That this Court grant a temporary restraining order and preliminary and permanent injunction enjoining Defendants and each of their respective partners, owners, officers, directors, associates, agents, servants, employees, attorneys, successors and assigns, and all other persons acting in active concert or participation with them who receive actual notice of the Court's order, judgment or decree, from:

1.      Using Plaintiff's NAACP Mark alone or in combination with any other mark, term, symbol, designation or design, or any term that is confusingly similar to Plaintiff's NAACP Mark, including, but not limited to, use of:

- "NAACP"; and,

- "National Association for the Advancement of Colored People"; and,

2.      Causing a likelihood of confusion with regard to the origin, sponsorship, affiliation, approval, connection of Defendant's products and services or injuring Plaintiff's reputation; and

3.      Using, converting for use, dissipating, altering and/or destroying property belonging to the NAACP and its authorized, unincorporated Cincinnati Branch; including but not limited to bank accounts, fluid funds, documentation, etc.

C.      That the Court issue an Order granting the following relief:

1.      Requiring Defendants to deliver up for destruction all literature, advertising and any other material and things which infringe, dilute or otherwise violate Plaintiff's NAACP Mark, pursuant to 15 U.S.C. §1118;

2.      Ordering the administrative dissolution of Defendant "Cincinnati Incorporated" and the dissolution of all business entities that form part of Defendants' enterprise;

19

3.     Finding Defendant's acts herein to be willful, that this case be deemed an "exceptional" case pursuant to 15 U.S.C. §1117;

4.     Requiring Defendants to immediately cease use and relinquish control of all property belonging to the NAACP's authorized, unincorporated Cincinnati Branch that were converted by Cincinnati Incorporated; including but not limited to all checks, cash, credit cards, bank accounts, financial records, copies of audits, bank statements, keys to property, membership records, and all other property acquired by and belonging to the NAACP's authorized, unincorporated Cincinnati Branch.

5.     Awarding Plaintiff compensatory damages on Counts Five, Six and Seven in the amount of at least $100,000 on each Count.

6.     Awarding Plaintiff its costs, attorneys' fees and expenses pursuant to 15 U.S.C. §1117 and 18 U.S.C. §1964(c);

7.     Ordering Defendants to send out a notice in a form that is acceptable to Plaintiff and the Court notifying all persons that received fraudulent and misleading materials from Defendants that Defendants have been found liable for willful violations of federal and state law concerning their relationship with Plaintiff and requiring Defendants to refund all monies received from any person on account of Defendants' fraud;

8.     Ordering Defendants to send out a notice in a form that is acceptable to Plaintiff and the Court notifying all persons that received fraudulent and misleading materials from Defendants that Defendants have been found liable for willful violations of federal and state law concerning their relationship with Plaintiff and requiring Defendants to be held personally liable for all contracts entered into and/or liabilities incurred as a result of Defendants' unlawful activity;

9. Requiring Defendants to file with the Court and serve upon Plaintiff within 30 days after service of the Court's order, judgment or decree as herein prayed, a written report detailing the manner and form in which Defendants have complied with the Court's order, judgment or decree;

10. Awarding Plaintiff punitive or exemplary damages as permitted by Ohio law; and

11. Awarding Plaintiff all other relief, in law or equity, to which Plaintiff may be entitled or which the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable of right by a jury.


Respectfully Submitted,


June 30, 2015
/s/ Janaya Trotter Bratton
Janaya Trotter Bratton (Ohio Bar No. 0084123)
Trotter Law LLC
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
(513) 531-5151 (telephone)
(513) 531-5152 (facsimile)
jtrotter@trotter-law.com
*Attorney for Plaintiff*
*National Association of the Advancement of*
*Colored People*

## VERIFICATION

**I,** Gill L. Ford, NAACP Director of Unit Administration, pursuant to 28 U.S.C. §1746, declare under the penalty of perjury under the United States of America that the following information is true and correct.

1. The allegations in this Complaint are true and accurate to the best of my knowledge.

2. The attached exhibits are true and accurate copies of records obtained by me or counsel for Plaintiff NAACP.

Gill L. Ford

Executed: June 30, 2015

## CERTIFICATION

I, Janaya Trotter Bratton, pursuant to 28 U.S.C. §1746 declare under penalty of perjury under the United States of America that the following is true and correct.

1.      I will give notice by email to Ishton W. Morton, Lettie P. Reid, and Beverly J. Morton.  I will give notice by email and phone to and Curt Hartman, putative counsel for Defendants as soon as this pleading is filed with the Court.

2.      I cannot guarantee that Mr. Morton, Ms. Reid, Mrs. Morton or Mr. Hartman will receive the notice prior to this Court setting a hearing for the Temporary Restraining Order.

3.      Time is of the essence as Defendants Ishton Morton is currently scheduled to conduct a press conference at 3:00 p.m. today, June 30, 2015.

Janaya Trotter Bratton

Executed: June 30, 2015