IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The National Association for the Advancement of Colored People, National Office, | : : : : | Case No. 1:15-cv-433 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| v. | : : | Order Granting Preliminary Injunction |
| The Entity referring to itself as NAACP, Cincinnati Branch, *et al.*, | : : : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). The Court conducted a hearing on the request for a temporary restraining order in this matter on July 8, 2015. The Court then issued a Temporary Restraining Order ("TRO") (Doc. 6) on July 9, 2015. The TRO, following one fourteen-day extension, is set to expire on August 6, 2015. The request for a preliminary injunction is currently pending before the Court.

**I.**

On June 30, 2015, Plaintiff filed a Verified Complaint alleging, among other things, trademark infringement and conversion. Plaintiff's counsel engaged in reasonable, good faith efforts to timely serve Defendants with the Verified Complaint and the TRO. (Docs. 8, 11, 13.) However, Plaintiff's counsel had succeeded in serving only Defendant Lettie Reid by July 21, 2015, two days before TRO was initially set to expire. (Doc. 15.) Accordingly, on July 22, 2015, the Court granted an extension of the TRO until August 6, 2015. (Docs. 8, 9.) That same day the Court also set a preliminary injunction hearing for August 4, 2015. (Doc. 10.) Plaintiff's counsel obtained the appointment of the United States Marshals Service on July 27, 2015 to

1

serve Defendant Beverly Morton and on July 30, 2015 to serve Defendant Ishton Morton.  (Docs. 12, 14.)  The Mortons were served on July 30, 2015.  (Doc. 16.)

The Court held the preliminary injunction hearing on August 4, 2015.  (Doc.17.)  Defendants were not represented by legal counsel at the hearing.  Defendants informed the Court at the hearing that they had retained counsel, but that their attorney was out of town.  Defendants anticipate that they will be able to meet with their attorney on August 8, 2015, after he returns to town.  The Court proceeded with the preliminary injunction hearing in the absence of defense counsel due to Plaintiff's good faith efforts to timely serve the Defendants, the fact that Defendants were served and given notice of the hearing no later than July 30, 2015, and the fact that the TRO is set to expire on August 6, 2015.  The Court informed the parties that it would re-open the preliminary injunction proceedings and consider modifying this Order if a second hearing is requested by Defendants' counsel.

## II.

The decision whether or not to grant a request for interim injunctive relief falls within the sound discretion of the district court.  *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).  A preliminary injunction is an extraordinary remedy that should be granted only after consideration of the following four factors:  (1) whether the movant has demonstrated a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief.  *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Devicor Med. Products, Inc. v. Reed*, No. 1:11CV645, 2013 WL 1315037, at *12 (S.D. Ohio Mar. 29, 2013).

In general, the extent to which a party must demonstrate a substantial likelihood of success varies inversely with the degree of harm that party will suffer absent an injunction. *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 538 (6th Cir. 1978) (citation omitted). Issuance of a preliminary injunction is appropriate "where the [movant] fails to show a strong or substantial probability of ultimate success on the merits of the claim, but where he at least shows serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the [nonmoving party] if an injunction is issued." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985) (citation omitted). No single factor is determinative of the availability of a preliminary injunction. *Id.* at 1229. However, the failure to demonstrate the existence of an irreparable injury absent a preliminary injunction can be fatal to a motion for preliminary injunction. *See So. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991).

Plaintiff has presented sufficient evidence through witness testimony and the exhibits admitted at the two hearings to support the issuance of a preliminary injunction. The Court incorporates as if fully rewritten herein the background facts, analysis, and conclusions stated in TRO. The Court again finds that Plaintiff has established a likelihood of success on the merits on the trademark infringement and the conversion claims, irreparable injury to Plaintiff if a preliminary injunction is not issued, no substantial harm to Defendants if the preliminary injunction is issued, and benefit to the public if the preliminary injunction is issued.

Accordingly, the Court **GRANTS** Plaintiff's Motion for a Preliminary Injunction (Doc. 2).

**IT IS ORDERED,** pursuant to Federal Rule of Civil Procedure 65(a) and (d)(2), that Defendants, any of Defendants' officers, agents, servants, employees and attorneys, and any

other persons who are in active concert or participation with anyone listed, are **ENJOINED** from:

(1) Using Plaintiff's "National Association for the Advancement of Colored People" and "NAACP" trademarks, alone or in combination with any other mark, term, symbol, designation or design, or any term that is confusingly similar to Plaintiff's trademarks, including, but not limited to, use of "NAACP, Cincinnati Branch"; and

(2) Causing a likelihood of confusion with regard to the origin, sponsorship, affiliation, approval, connection of Defendants' products and services with the products and services of the NAACP; and

(3) Using, converting for use, dissipating, altering, destroying property belonging to the NAACP, Cincinnati Branch and making claims against any policies of, the NAACP and/or NAACP, Cincinnati Branch.

**IT IS FURTHER ORDERED** that Defendants, any of Defendants' officers, agents, servants, employees and attorneys, and any other persons who are in active concert or participation with any of them, who is or might be in possession of property belonging to the NAACP and/or its authorized Cincinnati branch, within two weeks of this Order contact Gill Ford, NAACP National Director of Unit Administration, via email at gford@naacpnet.org, or Plaintiff's counsel, to make arrangements for the immediate transfer and surrender of the property.

**IT IS FURTHER ORDERED** that the accounts at U.S. Bank National Association in the names of (1) CINCINNATI BRANCH NAACP KEMPER APARTMENTS, (2) NAACP FREEDOM FAIR, (3) CINCINNATI BRANCH NAACP MEMBERSHIP, and (4) NAACP

4

CINCINNATI BRANCH be frozen with no disbursements, withdrawals, or transfers of moneys permitted until further Order of this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall promptly inventory all property returned pursuant to this Order.

The Court waives any requirement for posting of security.

**IT IS SO ORDERED**.

                                                S/Susan J. Dlott_____
                                                Judge Susan J. Dlott
                                                United States District Court